# Matter of Nii Ahene Nunoo BOYE, Respondent

*Decided August 12, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A Georgia state court sentence "clarification" order issued by a different judge, more than 6 years after the original sentencing order, and after the respondent had been placed into removal proceedings is not valid for immigration purposes.

FOR THE RESPONDENT: Carlos E. Solomiany, Esquire, Atlanta, Georgia

FOR THE DEPARTMENT OF HOMELAND SECURITY: Adilina Malave, Counsel

BEFORE: Board Panel: RADICS, Deputy Chief Appellate Immigration Judge; MAHTABFAR, Appellate Immigration Judge; PICOS, Temporary Appellate Immigration Judge.

RADICS, Deputy Chief Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the Immigration Judge's August 25, 2023, decision granting the respondent's motion to terminate these proceedings. The respondent, a native and citizen of Ghana and a lawful permanent resident of the United States, opposes the appeal. The appeal will be sustained, the Immigration Judge's decision will be vacated, and the record will be remanded.

On April 11, 2017, the respondent was convicted of battery, family violence, in violation of section 16-5-23.1(f) of the Official Code of Georgia Annotated ("O.G.C.A."). The respondent was sentenced "to confinement for a period of 12 months," but he was allowed to serve the entirety of the sentence on probation. More than 6 years later, on August 4, 2023, a different judge of the State Court of Carroll County, Georgia, granted the respondent's Motion to Clarify Sentence and issued an order stating that the respondent's sentence was "12 months on straight probation." The order further states, "The sentence never should have been and was not '12 months in confinement to be served on probation.'" The clarification order does not specify under which Georgia statute it was issued, and the underlying motion for clarification has not been made part of the record.

On August 25, 2023, the Immigration Judge granted the respondent's motion to terminate these proceedings based on the Georgia state court's

"clarification" that the respondent was not sentenced to a term of imprisonment of 12 months. The Immigration Judge determined that, because the respondent was not sentenced to a 12-month term of imprisonment, he has not been convicted of an aggravated felony crime of violence pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii) (2018), nor a crime of domestic violence under section 237(a)(2)(E)(i) of the INA, 8 U.S.C. § 1227(a)(2)(E)(i) (2018).

The parties do not dispute that the respondent has been convicted of a crime of violence within the meaning of section 101(a)(43)(F) of the INA, 8 U.S.C. § 1101(a)(43)(F) (2026), and thus his conviction falls under the ambit of an aggravated felony within the meaning of section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii) (2026). The parties dispute only whether the respondent was sentenced to a term of imprisonment of at least 1 year. *See Edwards v. U.S. Att'y Gen.*, 97 F.4th 725, 742 (11th Cir. 2024) (holding that, where the alien was convicted of family violence battery under Ga. Code Ann. § 16-5-23.1 and sentenced to a term of imprisonment of at least 1 year, he is removable as an aggravated felon); *Talamantes-Enriquez v. U.S. Att'y Gen.*, 12 F.4th 1340, 1353 (11th Cir. 2021) ("Our precedent establishes that [the alien] was sentenced to a term of imprisonment for at least one year for purposes of [8 U.S.C.] § 1101(a)(43)(F), even if he was permitted to serve part or all of that sentence on probation.").

We acknowledge that the respondent obtained an order from the Georgia state court purporting to clarify the terms of his original sentence. However, the Georgia state court order clarifying the respondent's sentence is not valid for immigration purposes. *See Matter of Thomas and Thompson*, 27 I&N Dec. 674, 690 (A.G. 2019) (holding that state-court clarifying orders "will be given effect for immigration purposes only if based on a procedural or substantive defect in the underlying criminal proceeding"); *see also Edwards*, 97 F.4th at 733, 742 (holding that the Attorney General's holding in *Matter of Thomas and Thompson* is controlling and thus a state court sentence modification order issued for "avoidance of immigration consequences" has no legal effect for immigration purposes).

Whether a sentence includes a "term of imprisonment" as defined in section 101(a)(48)(B) of the INA, 8 U.S.C. § 1101(a)(48)(B) (2024), is a question of federal immigration law. *Edwards*, 97 F.4th at 735. In this case, the plain language of the respondent's sentencing order that he be "hereby sentenced to confinement for a period of 12 months" to be "served on probation" indicates that the respondent was sentenced to a term of imprisonment. The consent clarification order stating that "[t]he sentence

827

never should have been and was not '12 months in confinement to be served on probation'" does not clarify the original sentencing order; it contradicts it. Thus, it is apparent that the clarification order was not simply correcting a scrivener's error under section 17-1-3 of the O.C.G.A., which allows the correction of such mistakes at any time.

Moreover, section 17-10-1(f)(1) of the O.C.G.A. requires that any motion to correct, reduce, or modify a sentence be filed within 1 year of imposition or within 120 days after affirmance on appeal.[1] The respondent's motion was not filed within this deadline. Section 42-8-34(g) of the O.C.G.A permits a sentencing judge to modify or change a probated sentence at any time during the period of probation. In this case, the clarification order was entered years after the expiration of the respondent's sentence; thus, it is apparent that the clarification was not pursuant to O.C.G.A. § 42-8-34(g).

In sum, we are not aware of any statutory authority for the issuance of the respondent's sentence clarification order. The clarification order was issued 6 years after the sentence was originally imposed, and the "clarification" was made by a judge other than the original sentencing judge. "The clarification order is flatly contrary to the sentencing order." *United States v. Garza-Mendez*, 735 F.3d 1284, 1288 n.2 (11th Cir. 2013) (addressing a similar "clarification" order). "Nor does the subsequent state judge rely upon any consultation with the sentencing judge." *Id*. "[T]he judge who signed the order[] did nothing more than review and interpret another judge's sentence order years later." *Talamantes-Enriquez*, 12 F.4th at 1354. Under such circumstances, we "reject[] the invitation to take the 'clarification' order . . . at face value, much less to be bound by it." *Id.* We thus do not afford full faith and credit to the respondent's sentencing clarification order *for immigration purposes*. *See Matter of Thomas and Thompson*, 27 I&N Dec.

---

[1] Section 17 10 1(f)(1) of the O.C.G.A. provides:

> Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed. The time periods prescribed in this subsection require the defendant to file a motion within such time periods; however, the court shall not be constrained to issue its order or hear the matter within such time periods. Prior to entering any order correcting, reducing, or modifying any sentence, the court shall afford notice and an opportunity for a hearing to the prosecuting attorney. Any order modifying a sentence which is entered without notice and an opportunity for a hearing as provided in this subsection shall be void. This subsection shall not limit any other jurisdiction granted to the court in this Code section or as provided for in subsection (g) of Code Section 42-8-34.

at 686–87 (explaining that the Board can interpret the definition of a conviction under the INA without violating the principles of full faith and credit).

Based on the foregoing, the Georgia state court sentence "clarification" order issued by a different judge, more than 6 years after the original sentencing order, and after the respondent had been placed into removal proceedings is not valid for immigration purposes. We thus conclude that the respondent was in fact sentenced to a term of imprisonment of at least 1 year. *See Matter of Thomas and Thompson*, 27 I&N Dec. at 690; *Edwards*, 974 F.4th at 472 (concluding that modification by a Georgia state court of an alien's sentence for family violence battery from 12 months' probation to 11 months and 27 days of probation was issued only to prevent removal and thus did not change the alien's term of imprisonment for purposes of federal immigration law). Thus, the respondent is removable based on his conviction for an aggravated felony.

Finally, removability for a crime of domestic violence under section 237(a)(2)(E)(i) of the INA, 8 U.S.C. § 1227(a)(2)(E)(i) (2024), does not require any term of imprisonment. Thus, whether the respondent was sentenced to a term of probation or imprisonment is not relevant to determining whether the charge under section 237(a)(2)(E)(i) of the INA, 8 U.S.C. § 1227(a)(2)(E)(i), has been sustained. Therefore, contrary to the Immigration Judge's conclusion, termination of these proceedings based on the sentence clarification order was not warranted. On remand, the Immigration Judge should reassess whether the respondent is alternatively removable based on his conviction for a crime of domestic violence under section 237(a)(2)(E)(i) of the INA, 8 U.S.C. § 1227(a)(2)(E)(i). In remanding, we express no opinion on the ultimate outcome of these proceedings. *See Matter of L-O-G-*, 21 I&N Dec. 413, 422 (BIA 1996).

Accordingly, the following orders will be entered.

**ORDER:** DHS' appeal is sustained, and the Immigration Judge's August 25, 2023, decision is vacated.

**FURTHER ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for the entry of a new decision.